UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16cv004-FDW

| | |
|---|---|
| MARVIN W. MILLSAPS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DONALD MOBLEY, et al., )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Petitioner Marvin W. Millsaps' pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

**I.  BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who has filed several habeas petitions in this Court challenging various state convictions. See 5:12cv146-RJC; 5:14cv64-FDW; 5:15cv113-FDW; 5:15cv114-FDW. His most recent habeas challenge to his 2011 Iredell County convictions, under which he currently is incarcerated, was dismissed without prejudice as an unauthorized successive § 2254 Petition. Millsaps v. Washington, 5:15cv114-FDW, Doc. No. 5, filed September 30, 2015. Petitioner has appealed the Court's dismissal in that case.

On December 22, 2015, Petitioner filed what, on the surface, appears to be another challenge to his 2011 convictions. (Doc. No. 1.) Petitioner used a standard § 2254 form

1

available to state prisoners. He completed it in such a cursory fashion, however, as to fail to set forth any ground for relief. Additionally, although the procedural facts listed on the form refer to the 2011 convictions, the twenty-two (22) pages of supporting documents (Doc. No. 1-1) are related to disciplinary actions taken against Petitioner at Warren Correctional Institution ("WCI").

Petitioner may be attempting to challenge his prison disciplinary convictions and sentences, rather than his 2011 criminal convictions. Indeed, he originally filed the instant Petition and supporting documents in the U.S. District Court for the Eastern District of North Carolina, in whose territorial jurisdiction WCI is located. Because the § 2254 form referred only to Petitioner's 2011 convictions in Iredell County, however, the Eastern District transferred the action to this Court.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner has provided no evidence that he filed such an application to proceed with a successive § 2254 petition. Thus, this Court is without jurisdiction to consider the merits, if any, of the present habeas Petition, represented by Document No. One on this case's docket. Therefore, the Petition will be dismissed.

The Court will, however, direct the Clerk of Court to mail a copy of Document No. One-One (1-1) on the docket to the U.S. District Court for the Eastern District of North Carolina, along with a copy of this Order. That Court may then determine whether to open a separate action.

Finally, federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. Petitioner has neither paid the filing fee nor filed an affidavit of indigency. Nevertheless, the Court will grant Petitioner indigent status in this case based upon its previous finding of indigency on September 30, 2015, in 5:15cv114-FDW.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized successive § 2254 petition;

2. Petitioner is granted leave to proceed without prepayment of the $5.00 filing fee;

3. The Clerk of Court shall mail a copy of Doc. No. 1-1, along with a copy of this Order, to the U.S. District Court for the Eastern District of North Carolina; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 19, 2016,

Frank D. Whitney
Chief United States District Judge